CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
FEB 2 6 2008
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NILDA N. VENEY, *Plaintiff,* | CIVIL NO. 3:07CV00004 |
| v. | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,[1] *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment (docket entry nos. 10 and 12), the Report and Recommendation ("Report") of U.S. Magistrate Judge B. Waugh Crigler (docket entry no. 14), and Plaintiff's objections thereto (docket entry no. 17). In his Report, Judge Crigler recommends that this Court enter an order affirming the Commissioner's final decision denying Plaintiff supplemental security income, granting the Commissioner's motion for summary judgment, and dismissing this case from the docket. Plaintiff timely filed objections to the Report. However, because Plaintiff's objections are merely a general objection to the entirety of the Report, Plaintiff is not entitled to this Court's de novo review. Having found no clear error on the face of the record, I will therefore overrule Plaintiff's objections, adopt the Report in its entirety, and enter an Order consistent with the recommendations therein.

---

[1] On February 12, 2007, Michael J. Astrue succeeded the original defendant in this action, Jo Anne B. Barnhart, as the Commissioner of Social Security. Accordingly, Commissioner Astrue "is automatically substituted as a party." Fed. R. Civ. P. 25(d).

## BACKGROUND

Plaintiff Nilda N. Veney protectively filed an application for supplemental security income on April 30, 2004, alleging disability beginning January 1, 1999. (R. 17.) Plaintiff's claim was denied initially on December 1, 2004, and upon reconsideration on April 15, 2005. (R. 17.) Following a hearing, an Administrative Law Judge (ALJ) determined on June 26, 2006, that Plaintiff is not disabled as defined under the Social Security Act. (R. 25.)

In reaching this conclusion, the ALJ found that Plaintiff's impairments—diabetes mellitus, hypertension, degenerative disease of the lumbar spine and right hip, and obesity—did not individually or collectively meet or medically equal one of listed impairments. (R. 20.) The ALJ also found that Plaintiff retains the residual functional capacity (RFC) to perform light work. Although Plaintiff's RFC would not enable her to perform any of her past relevant work, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, jobs exist in siginificant numbers in the national economy that she can perform. (R. 23–24.)

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 7.) Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Crigler for proposed findings of fact and a recommended disposition.

After the parties filed cross-motions for summary judgment, Judge Crigler issued his Report. In addition to setting forth Judge Crigler's recommendations, the Report also informed the parties of their right, pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C),[2] to file specific objections to the Report within 10 days. Before the expiration of

---

[2] Rule 72(b) "implements the statutory procedures [in § 636(b)(1)(C)] for making objections to the magistrate's proposed findings and recommendations." Fed. R. Civ. P. 72 advisory committee's notes.

the 10-day period, Plaintiff filed a motion for an extension of the time for objecting. Judge Crigler granted the motion, after which Plaintiff timely filed objections.

## STANDARD OF REVIEW

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner, not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the Commissioner. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgement for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With respect to objecting to a magistrate judge's report, "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).[3] "The district

---

[3] The stylistic changes to the Federal Rules of Civil Procedure brought about by the 2007 Amendments had not yet taken effect at the time Plaintiff filed her objections. Therefore, quotations of the Rules in this Memorandum Opinion will use the former language.

judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with [Rule 72(b)]." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error. *Compare* Fed. R. Civ. P. 72 advisory committee's notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record . . . ."), *with Thomas v. Arn*, 474 U.S. 140, 149–52 (1985) ("Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review.")

## DISCUSSION

The document filed by Plaintiff's counsel captioned "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation" is in fact an almost verbatim copy of the "Argument" section of Plaintiff's previously filed summary judgment brief. (*Compare* Pl.'s Objections 1–7, Sep. 26, 2007, *with* Pl.'s Brief 5–11, June 20, 2007.) No arguments have been added, none deleted.[4] Indeed, the few alterations appear limited to the deletion of headings, the substitution of the word "Plaintiff" for "Veney," and the correction of one or two typographical errors. Plaintiff has also inserted the words "and the Recommendation of the Magistrate Judge" into the first and last sentences, both of which merely make the conclusory assertion that "the decision of the ALJ and the Recommendation of the Magistrate Judge are not supported by substantial evidence." (Pl.'s Objections 1, 7.) Moreover, these two sentences, together with the

---

[4] The substance of these arguments is that the ALJ's final decision was not based on substantial evidence. Specifically, Plaintiff argues that there was not substantial evidence to support the ALJ's RFC determination or the ALJ's finding that Plaintiff's obstructive sleep apnea was not a severe impairment. Plaintiff also asserts that the ALJ failed to properly evaluate the impact of her obesity on her other impairments, particularly her sleep apnea, though the details and purported significance of this argument are not entirely clear.

caption, constitute the sole references in Plaintiff's "objections" to even the existence, much less the substance, of Judge Crigler's Report. In short, unsatisfied by the findings and recommendations in the Report, Plaintiff has simply ignored it, attempting instead to seek re-argument and reconsideration of her entire case in the guise of objecting.

To the extent that Plaintiff can be said to have stated an objection to the Report at all, it is a general objection to the entirety of the Report. This despite clear statutory and judicial statements mandating specific objections, such as (1) "a party may serve and file *specific*, written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b) (emphasis added); (2) "[a] judge of the court shall make a de novo determination of *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*," 28 U.S.C. § 636(b)(1)(C) (emphasis added); and (3) "[a]ny adjudication of fact or conclusion of law rendered [in the Report] not *specifically* objected to . . . may become conclusive upon the parties. Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection" (Report 8 (emphasis added)).

A general objection such as that offered by Plaintiff fails to satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C). *See United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court . . . .").[5] Accordingly, "[a] general objection to the

---

[5] *Page v. Lee* is particularly instructive because the habeas petitioner in that case took essentially the same approach as Plaintiff to objecting to a magistrate judge's report. In *Page,* the petitioner's objections consisted, in

- 5 -
Case 3:07-cv-00004-NKM-BWC   Document 18   Filed 02/26/08   Page 5 of 7   Pageid#: 76

entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Hyatt v. Town of Lake Lure*, 314 F. Supp .2d 562, 580 (W.D.N.C. 2003). As the Fourth Circuit has explained:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Midgette*, 478 F.3d at 622; *see also United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Howard*, 932 F.2d at 509; *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984); *Smith v. Barnhart*, 338 F. Supp. 2d 761, 762 n.1 (S.D. Tex. 2004); *Eldridge v. Bowen*, F. Supp. 285, 285 n.1 (D. Me. 1988); *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).

The issues that Plaintiff raises in her general objection have already been addressed by Magistrate Judge Crigler when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard*, 932 F.2d at 509. Accordingly, Plaintiff will not be given the second bite at the apple she seeks. Rather, because

---

their entirety, of the following: "Now comes petitioner . . . who respectfully objects to the recommendations of the United States Magistrate Judge . . . . As undersigned counsel is unaware of any new authority for the issues raised in the brief in support of the habeas petition counsel relies on the argument presented in that brief." *Page*, 337 F.3d at 416 n.3. According to the Fourth Circuit, these objections "obviously did not satisfy the requirement of . . . Rule [72(b)]." *Id.*

Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and "[a] general objection . . . has the same effects as would a failure to object," *id.*, no part of the Report is subject to this Court's de novo review.

Having therefore reviewed the Report and the face of the record only for clear error, and finding none, I will enter an Order OVERRULING Plaintiff's objections, ADOPTING the Report in its entirety, AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, DENYING Plaintiff's motion for summary judgment, and DISMISSING this case from Court's docket.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States District Judge

02/26/2008
Date